UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

DeSHAWN L. ROOKS )
)
v. ) NO. 2:05-CV-37
)
DAVID MILLS, Warden )

**MEMORANDUM and ORDER**

This is a state prisoner's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner is attacking his 2003 Sullivan County Criminal Court conviction for the sale of cocaine within 1000 feet of a school and his resulting prison sentence. The respondent has filed an unopposed motion to dismiss and/or for summary judgment, which is supported by a brief and copies of the state court record. In his motion to dismiss, the respondent argues that the petition is untimely and, in his summary judgment motion, that the grounds for relief have been procedurally defaulted. Because the Court agrees that the petition is time-barred, it will grant the motion to dismiss.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1) (A)-(D). The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2).

On June 19, 2003, the petitioner pled guilty, was convicted, and was sentenced to eight years imprisonment, (Doc. 1, Pet.; Doc. 9, Exh. A). Because the petitioner pled guilty under a plea agreement which provided for the 8-year sentence, no appeal was taken. Nor was one permitted. *See State v. McKissack*, 917 S.W.2d 714, 715 (Tenn. Crim. App. 1995) (guilty plea, generally, waives right to appeal); Tenn. R. App. P. 3(b).[1] Therefore, his conviction became final thirty days later, i.e., on July 19, 2003. *See State v. Green*, 106 S.W.3d 646 (Tenn. 2003), *as amended on denial of rehr'g* (a judgment of conviction based on a guilty plea becomes final thirty

---

[1] Rule 3 of the Tennessee Rules of Appellate Procedure provides for an appeal of right by a criminal defendant who pleads guilty "if the defendant seeks review of the sentence and *there was no plea agreement concerning the sentence.*" Tenn. R. App. P. 3(b)(2) (emphasis added). Here, appeal was foreclosed because there was a plea agreement concerning a specific sentence.

2

days after acceptance of the plea agreement and imposition of the sentence). Since the petitioner's judgment became final on July 19, 2003, under subsection (A) of § 2244(d)(1), he would have had until July 19, 2004—one year from that date—to file his § 2254 habeas corpus petition.

Obviously anticipating that the petition would be found to be untimely under the provisions of subsection (A), the petitioner argues that AEDPA's limitation period was tolled under the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), apparently suggesting that the statute of limitations in his case is controlled by subsection (C).[2]

Under subsection (C), a petition is timely so long as it is filed within one year after the Supreme Court issues an opinion, newly recognizing an asserted right and holding that it applies retroactively to cases on collateral review. 28 U.S.C. § 2244(d)(2)(C). First of all, *Apprendi* does not support the petitioner's argument because *Apprendi* was decided on June 26, 2000—some three years before the date of the petitioner's conviction. It makes no sense to suggest that subsection (C) applies to a petition which was not filed and could not have been filed within one

---

[2] *Apprendi*, held that, with the exception of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be found by a jury beyond a reasonable doubt. *Id.* at 490. In *Blakely*, the Supreme Court applied *Apprendi* to Washington state's sentencing law.

3

year after *Apprendi* was decided because, at that time, the petitioner had not been convicted of the subject offense.

Secondly, to the extent that the petitioner is relying on the dual premises that, in *Blakely*, the Supreme Court announced a new rule which retrospectively applies on collateral review and that his petition is timely because it was filed within one year after that decision, such a position is also untenable. The Supreme Court has not concluded that *Blakely* applies retroactively to cases on collateral review. Indeed, that Court, citing to *Teague v. Lane*, 489 U.S. 288, 311-16 (1989), has stated:

> "Although new rules always have retroactive application to criminal cases on direct review, we have held that they seldom have retroactive application to criminal cases on federal habeas."

*Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993) (internal citations and punctuation marks omitted). *See also Schardt v. Payne*, 414 F.3d 1025, 1034 (9th Cir. 2005) (*Blakely* does not apply retroactively to petitions brought under 28 U.S.C. § 2254); *Young v. Neet*, 130 Fed.Appx. 211, 214 (10th Cir. 2005) (same); *Oswald v. Jones*, 2005 WL 3454659, at *2-3 (W.D.Mich. Dec. 16, 2005) (same).

As noted earlier, the state criminal judgment in the petitioner's case became final on July 19, 2003, some eleven months before *Blakely* was decided. The Court concludes that, since *Blakely* has not been held to be retroactively applicable

to cases on collateral review, subsection (C) in § 2244(d)(1) does not apply and does not delay the statute of limitations.

This petition was filed on October 27, 2004—nearly three months after the lapse of AEDPA's limitations statute, and, thus, it is untimely under AEDPA, unless the petitioner had a properly filed state post-conviction case pending. *See* 28 U.S.C. § 2244(d)(2). There is no indication in the § 2254 application or in any other filings that the petitioner sought state post-conviction relief. Since there was nothing to toll the one-year time clock in this case, the statute expired on July 19, 2004, and this petition, filed on October 27, 2004, is untimely.[3]

For this reason, a separate order of dismissal will enter.

**ENTER**:

/s/ Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

---

[3] The petitioner indicated that he had submitted his § 2254 application on September 22, 2004, (Doc. 1, Cover Letter). Deeming the application to have been filed one month earlier than the date stamped on the face of the petition would lead to no different result since a petition filed in September would still fall outside the statutory time-limits.